IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| ROBERT AUGUSTINE and ) | |
| CATHERINE AUGUSTINE, ) | |
| *independently and on behalf of* ) | |
| *M.A. (Minor) and T.A. (Minor)*, ) | Civil Action No. 5:13cv00025 |
| ) | |
| Plaintiffs, ) | |
| ) | By: Michael F. Urbanski |
| v. ) | United States District Judge |
| ) | |
| WINCHESTER PUBLIC SCHOOL ) | |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter was referred to the Honorable B. Waugh Crigler, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on September 3, 2013, recommending that defendant's motion to dismiss for failure to state a claim be granted. The pro se plaintiffs have filed objections to the report and recommendation. The court has reviewed the magistrate judge's report, the objections to the report, and the pertinent pleadings. For the reasons stated herein, the court concludes that the magistrate judge's report is substantially correct and that plaintiffs' objections must be overruled.

Plaintiffs first object to the magistrate judge's finding that they have failed to name a proper legal entity as a defendant. Plaintiffs assert that "the Winchester School Committee/Board sets rules, regulations and policy for the Winchester Public School District [and] [t]herefore they are one in the same." Pls.' Obj. ¶1, Dkt. No. 32, at 1. The magistrate judge has properly reviewed the applicable law and determined that the Winchester Public

School District is not a legal entity capable of being sued.  Furthermore, plaintiffs were given the opportunity to amend their complaint to name a proper defendant.  Although plaintiffs filed an amended complaint (Dkt. No. 24), they persisted in naming Winchester Public School District as the defendant.  To now simply assert that one thing means another is insufficient grounds for objection at this stage of the proceedings.[1]

Plaintiffs next object to the magistrate judge's discussion of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., ("IDEA"), and note that they have brought suit under 42 U.S.C. § 1983, not the IDEA.  The report and recommendation makes abundantly clear that the magistrate judge was fully aware of the nature of plaintiffs' claims.  The magistrate judge expressly noted that

> . . . it is critical to understand that plaintiffs have brought this action under 42 U.S.C. § 1983.  Plaintiffs stated in open court that their prior administrative proceedings under the [IDEA], which they withdrew from, have no bearing on the present action and that their only claims were being brought under Section 1983.

Report & Recommendation, Dkt. No. 31, at 5.  The magistrate judge did in fact discuss the IDEA, but only in the context of analyzing whether the Supreme Court's holding in <u>Winkelman ex rel. Winkelman v. Parma City Sch. Dist.</u>, 550 U.S. 516, 523 (2007), that parents have independent enforceable rights regarding the education of their children extends beyond the context of the IDEA.

Plaintiffs further object that the magistrate judge cited to <u>Winkelman</u>, but not the case of <u>Fitzgerald v. Barnstable Sch. Comm.</u>, 555 U.S. 246 (2009).  The magistrate judge did, in fact, take note of <u>Fitzgerald</u>, correctly finding that it has no applicability to this case.  The issue before the court in <u>Fitzgerald</u> was whether Congress intended Title IX to be the exclusive remedy for

---

[1] Plaintiffs assert that "[s]ome courts have ruled that claims [under 42 U.S.C. § 1983] can be brought against [s]chool [d]istricts." Pls.' Obj. ¶2, Dkt. No. 32, at 2.  In some jurisdictions school districts may in fact be legal entities capable of being sued.  However, as the magistrate judge correctly noted, this is not the case in Virginia.

gender discrimination in schools in violation of the Equal Protection Clause. Id. at 248. The court held that 42 U.S.C. § 1983 remains available to those alleging unconstitutional gender discrimination in schools. Id. at 258. The court did not hold that parents were permitted to bring pro se lawsuits under § 1983 on behalf of minor children.

Additionally, plaintiffs claim that "neither the Supreme Court nor the Fourth Circuit has argued one way or the other for parents/guardians filing [p]ro [s]e for minors." Pls.' Obj. ¶7, Dkt. No. 32, at 2. This is not a correct statement of the law. As the magistrate judge correctly notes, the Fourth Circuit has held that "non-attorney parents generally may not litigate the claims of their minor children in federal court." Myers v. Loudoun Cnty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (citations omitted). No exception to this general rule is applicable to this case.

Plaintiffs further claim that their "due process rights are violated due to the fact [they] were not allowed to proceed to trial and present evidence [and] question witnesses regarding their claim[s] . . . ." Pls.' Obj. ¶7, Dkt. No. 32, at 2. Granting a motion made pursuant to Fed. R. Civ. P 12(b)(1), (6) does not violate due process.

Finally, plaintiffs assert that Fitzgerald v. Barnstable Sch. Comm., 555 U.S. 246 (2009), stands for the proposition that the defendant is "liable for [p]eer on peer bullying, harassment, etc." Pls.' Obj. ¶9, Dkt. No. 32, at 2. As noted, this not the holding of Fitzgerald.

For the foregoing reasons, the court finds no merit to the plaintiff's objections. Accordingly, an appropriate Order will be entered this day adopting the recommendation that the defendant's motion to dismiss for failure to state a claim be granted

The Clerk is directed to send a certified copy of this Order to the pro se plaintiffs and to all counsel of record.

Entered: September 17, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge